**EXHIBIT A**

| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br><br>Court Address:   City and County Building<br>                              1437 Bannock Street<br>                              Denver, CO 80202 | DATE FILED: May 30, 2018 5:24 PM<br>FILING ID: 2AA9B8B080A67<br>CASE NUMBER: 2018CV32009 |
| Plaintiff:   Kenneth Olsen<br><br>v.<br><br>Defendant: Owners Insurance Company | ▲COURT USE ONLY▲ |
| Counsel for Plaintiff:<br>Dylan C. Unger, #50099<br>DezaRae D. LaCrue , #40290<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Aurora, CO 80014<br>Telephone: 303-757-3300<br>Facsimile: 303-757-3206<br>E-Mail: ungerd@fdazar.com<br>E-Mail: lacrued@fdazar.com | Case Number:<br><br>Division/Ctrm: |
| **COMPLAINT FOR DAMAGES AND JURY DEMAND** ||

COMES NOW Plaintiff, Kenneth Olsen, by and through his attorneys, Franklin D. Azar and Associates, P.C, for his Complaint against the Defendant, states and alleges as follows:

**GENERAL ALLEGATIONS**

1. Plaintiff Kenneth Olsen is an individual and resident of the State of Colorado.

2. Defendant Owners Insurance Company (Owners Insurance) is a corporation doing business in the State of Colorado

3. Venue is proper herein pursuant to C.R.C.P. 98.

4. This Court has jurisdiction over this matter pursuant to C.R.S. § 13-1-124.

1

5. On or about April 23, 2017, Mr. Olsen was involved in a collision on eastbound CO 270 at the southbound CO 25 ramp.

6. Mr. Olsen was traveling eastbound on CO 270 in the right lane.

7. A vehicle driven by Varejo Manzaneras was driving southbound on the CO 25 ramp to eastbound CO 270 in the right lane.

8. Ms. Manzaneras crossed the eastbound number 2 lane and crashed into the left side of Mr. Olsen's vehicle.

9. On April 23, 2017, Varejo Manzaneras was negligent and caused a collision with Mr. Olsen.

10. On April 23, 2017, Mr. Olsen was injured as a result of the collision.

11. On April 23, 2017, Varejo Manzaneras was insured with State Farm Insurance Company for $25,000.00.

12. Plaintiff was not negligent on the occasion in question.

13. No third party caused, or contributed to the cause, of the collision.

14. No third party caused, or contributed to Mr. Olsen's injuries, damages, and losses.

15. Following the collision, Mr. Olsen went to the University of Colorado Health Emergency Room for his injuries.

16. Mr. Olsen was diagnosed with neck pain, acute pain of both shoulders, whiplash injury, and muscle spasms.

17. Mr. Olsen followed up with treatment at Advanced Urgent Care, Fox Physical Therapy, Ascent Medical Consultants, Health Images, Standley Lake Massage Therapy, and Premier Chiropractic and Natural Pain Medicine.

18. Mr. Olsen reached maximum medical improvement on April 12, 2018.

19. Mr. Olsen was given a 31% whole person impairment rating for his injuries.

20. On or about September 26, 2017, State Farm Insurance Company offered its limits to Mr. Olsen.

21. Varejo Manzaneras was underinsured with respect to Mr. Olsen's injuries, damages, and losses.

22. On or about September 29, 2017, Mr. Olsen through his attorneys sent the declarations page showing the policy limits of $25,000.00 on the State Farm Insurance Company policy to Defendant Owners Insurance.

23. On or about October 9, 2017, Defendant Owners Insurance gave permission for Mr. Olsen to settle with State Farm Insurance Company.

24. On or about November 22, 2017, State Farm Insurance Company paid their limits to Mr. Olsen.

25. At the time of the collision, Mr. Olsen was employed at Advantage Services.

26. Mr. Olsen was unable to work following the collision.

27. Mr. Olsen suffered lost wages due to the collision.

28. At the time of the collision Mr. Olsen was driving a vehicle owned by Advantage Services.

29. At the time of the collision Mr. Olsen was covered through Advantage Services' uninsured/under-insured policy with Defendant Owners Insurance.

30. Mr. Olsen submitted his claim to Defendant Owners Insurance in a timely manner.

31. Mr. Olsen has cooperated with Defendant Owners Insurance in its investigation of his claim.

32. On or about August 29. 2017, Mr. Olsen through his attorneys sent medical bills and records to Defendant Owners Insurance.

33. On or about August 29, 2017, Mr. Olsen through his attorneys requested that Defendant Owners Insurance tender any benefits owed at that time.

34. On or about August 29, 2017, Mr. Olsen through his attorneys requested that Mr. Olsen respond within 30 days or let him know how much additional time would be required and the reason for the delay.

35. On or about August 29, 2017, Mr. Olsen through his attorneys asked Defendant Owners Insurance to let him know if there was additional information that would assist in their evaluation.

36. Defendant Owners Insurance did not respond to the letter sent on or about August 29, 2017.

37. Defendant Owners Insurance did not pay benefits in response to the information Defendant Owners Insurance obtained from the August 29, 2017 letter.

38. On or about September 13, 2017, Mr. Olsen through his attorneys sent additional medical bills and records to Defendant Owners Insurance.

39. Defendant Owners Insurance did not respond to the letter sent on or about September 13, 2017.

40. Defendant Owners Insurance did not pay benefits in response to the information Defendant Owners Insurance obtained from the September 13, 2017 letter.

41. On or about October 9, 2017, Defendant Owners Insurance requested a recorded statement from Mr. Olsen.

42. On or about October 17, 2017, Mr. Olsen provided Defendant Owners Insurance with a recorded statement.

43. On or about November 17, 2017, Defendant Owners Insurance sent a letter to Mr. Olsen's attorneys requesting "a status update to our office regarding your client. Please inform us of your client's medical bills if they are still seeking treatment."

44. On or about November 28, 2017, Mr. Olsen through his attorneys sent a letter with additional medical records and bills to Defendant Owners Insurance.

45. On or about November 28, 2017, Mr. Olsen through his attorneys requested that Defendant Owners Insurance "review the enclosed documents in conjunction with anything that you have obtained in your own investigation, and tender any benefits owed at this time."

46. On or about November 28, 2017, Mr. Olsen through his attorney requested that if Defendant Owners Insurance was "unable to pay benefits within 30 days, please let us know how much additional time is needed and the reason for the delay."

47. Defendant Owners Insurance did not pay benefits in response to the information Defendant Owners Insurance obtained from the November 28, 2017 letter.

48. On or about December 28, 2017, Defendant Owners Insurance sent a letter stating "I am reviewing the demand for Kenneth Olsen. I am looking further into the bills from Ascent Medical

Consultants to determine if it is warranted. Once I am able to come to a decision, I will contact you."

49. On or about February 8, 2018, Defendant Owners Insurance sent an emailing which said "After reviewing everything that you sent to me. The notes mention chronic pain, so I will need previous medical notes for Mr. Olson for the past 5-7 years to determine if that pain stems from the accident."

50. On or about February 16, 2018, Mr. Olsen through his attorney advised that he would provide prior records.

51. On or about March 28, 2018, Mr. Olsen through his attorneys submitted his prior medical records.

52. On or about March 28, 2018, Mr. Olsen through his attorneys requested that defendant Owners Insurance tender the benefits owed at that time.

53. On or about March 28, 2018, Mr. Olsen through his attorneys requested that if Defendant Owners Insurance was unable to respond within 30 days, they advise how much additional time would be required.

54. Defendant Owners Insurance did not respond to the March 28, 2018 letter.

55. Defendant Owners Insurance did not pay benefits in response to the information Defendant Owners Insurance obtained from the March 28, 2017 letter.

56. On or about May 4, 2018, Mr. Olsen though his attorneys sent lost wage documentation totaling $59,689.14 to Defendant Owners Insurance.

57. On or about May 4, 2018, Mr. Olsen through his attorneys requested that Defendant Owners Insurance tender any benefits owed at that time.

58. Defendant Owners Insurance did not respond to the May 4, 2018 letter.

59. Defendant Owners Insurance did not pay benefits in response to the information Defendant Owners Insurance obtained from the May 4, 2018 letter.

60. On or about May 16, 2018, Mr. Olsen through his attorneys sent additional medical bills and records and another copy of the declarations page from State Farm, and asked "Is there anything else that we can provide at this time to assist in your evaluation? Please review these documents in

conjunction with anything else you have obtained in your investigation and tender benefits owed at this time."

61.     Defendant Owners Insurance did not respond to the May 16. 2018 letter.

62.     Defendant Owners Insurance did not pay benefits in response to the information Defendant Owners Insurance obtained from the May 16, 2018 letter.

63.     Defendant has no reason to assert Mr. Olsen failed to cooperate in any way.

64.     Defendant Owners Insurance has delayed payment of uninsured motorist benefits to Mr. Olsen.

65.     Defendant Owners Insurance has failed to pay any uninsured motorist benefits to Mr. Olsen.

66.     Defendant Owners Insurance has failed to comply with its own internal standards.

67.     Defendant Owners Insurance has failed to comply with Colorado's Unfair Claims Settlement Practices Act.

68.     Defendant Owners Insurance has failed to pay undisputed medical bills as required under *Fisher v. State Farm*.

## FIRST CLAIM FOR RELIEF
### (BREACH OF CONTRACT-UM BENEFITS)

69.     Mr. Olsen incorporates all prior allegations as though fully set forth herein.

70.     Sometime prior to the collision, Advantage Services entered into a contract with Defendant Owner's Insurance for the purpose of obtaining automobile insurance, which policy includes coverage for claims involving uninsured motorists. Upon information and belief, at all times pertinent to the within action, all the premiums as required under the contract for insurance were paid to Defendant Owners Insurance and the Plaintiff was a beneficiary of this contract. As an employee driving a company vehicle on this policy, Mr. Olsen is entitled to the full policy benefits of Defendant Owners Insurance's policy.

70.     . Mr. Olsen has advised Defendant Owners Insurance of a claim for uninsured motorist benefits for this incident under its policy of insurance, and otherwise fully cooperated with Defendant Owners Insurance in connection with the claim.

72.     Mr. Olsen is an intended beneficiary of Defendant Owners Insurance's insurance policy/contract and is therefore entitled to enforce its terms.

73. Mr. Olsen is entitled to be compensated by Defendant Owners Insurance for all damages he has incurred, including significant medical bills and other expenses, pain, suffering, loss of enjoyment of life, loss of earnings and earning capacity, permanency , physical impairment, and disability, under the under-insured motorist coverage of the policy.

## SECOND CLAIM FOR RELIEF
## (FIRST PARY STATUTORY CLAIM
## UNDER C.R.S. § 10-3-1116)

74. Mr. Olsen incorporates all prior allegations as though fully set forth herein.

75. Defendant Owners Insurance has denied and delayed payment of uninsured motorist benefits to Mr. Olsen without a reasonable basis for its action.

76. Defendant Owners Insurance's unreasonable position and conduct has caused Mr. Olsen damage by the loss of the compensation that is due to him and which Defendant Owners Insurance should have previously paid to him.

77. In accordance with C.R.S. §10-3-1116, Mr. Olsen is entitled to recover from Defendant Owners Insurance two times the covered uninsured motorist benefits plus reasonable attorney's fees and court costs.

## THIRD CLAIM FOR RELIEF
## (BAD FAITH)

78. Mr. Olsen incorporates all prior allegations as though fully set forth herein.

79. Defendant Owners Insurance owed Mr. Olsen a duty to act in good faith in reviewing, adjusting and settling his claims.

80. Defendant Owners Insurance breached its duties to its insured, and acted in bad faith, through its conduct as described above and by engaging in the following, among other acts:

   (a) Compelling this Mr. Olsen to institute litigation to recover amounts due to him under the uninsured motorist bodily injury liability benefits afforded Mr. Olsen under the insurance policy;
   (b) Favoring the interests of Defendant Owners Insurance, an insurer, over those of Mr. Olsen, an insured, to whom Defendant Owners Insurance owes fiduciary and statutory duties;
   (c) Failing or delaying payment of reasonable compensation for the injuries, damages, and losses Mr. Olsen suffered at the hands of an uninsured motorist;

   (d) Failing to investigate Plaintiff's future medical expenses and lost wages or earning capacity;
   (e) Failing to consult appropriate experts;
   (f) Failing to consider the full amount of Plaintiff's medical bills; and
   (g) Incompetently evaluating Plaintiff's claim.

81. Defendant Owners Insurance's actions were unreasonable.

82. Defendant Owners Insurance knew its conduct was unreasonable or recklessly disregarded the fact that its conduct was unreasonable.

83. As a direct result of Defendant Owners Insurance's breaches of its duties to its insured, Mr. Olsen has been damaged including, but not necessarily limited to:

  a. Being forced to incur additional costs in litigation;
  b. Experiencing personal and professional financial hardships;
  c. Enduring the emotional trauma of being unnecessarily involved in a lawsuit with defendant; and
  c. Being deprived of the use of funds that would otherwise be used for such things as medical treatment and for lost wage coverage which should have been paid by now.

  WHEREFORE, Mr. Olsen prays for judgment against Defendant Owners Insurance for all general damages, economic damages, all statutory and necessary costs including, but not limited to, expert witness fees and the expenses incurred in investigation and discovery required to present Mr. Olsen's claims, attorney fees and interest from the time of the occurrence, post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just, and appropriate under the circumstances.

    **PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully, submitted this 30th day of May, 2018.

            FRANKLIN D. AZAR & ASSOCIATES, P.C.
            By: */s/ Dylan C. Unger*
            Dylan C. Unger, #50099
            Counsel for Plaintiff

**Plaintiff's Address:**
**8222 Adams Way**
**Denver, CO 80221**