# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 1:18-cv-01665-RM-NYW

KENNETH OLSEN,

    Plaintiff,

v.

OWNERS INSURANCE COMPANY, an Ohio corporation,

    Defendant.

## ORDER

Currently pending is a motion to disqualify Plaintiff's counsel in this case based on counsel's previously representation of Defendant Owners in many other cases. This matter is now before the Court on Plaintiff's Motion to Strike (ECF No. 126) filed in response to Defendant's Notice of Supplemental Facts (ECF No. 125). That Notice provided additional factual information on the issue of whether Plaintiff's counsel does or does not still have Defendant's confidential and privileged client files. The Court has considered all relevant filings and finds no further briefing is required. *See* D.C.COLO.LCivR 7.1(d). Based on its review and analysis, the Court finds and orders as follows.

***Duty to Confer.*** There is no express requirement to confer on the Notice,[1] but there is on the Motion to Strike. Although this failure alone is sufficient to deny the Motion – albeit without prejudice – the Court will consider it in this instance as Defendant has filed a response.

***Motion to Strike.*** Plaintiff argues the Notice should be stricken under Fed. R. Civ. P.

---

[1] Nonetheless, query whether one could argue the Notice should have been filed as a motion. But, the Court leaves that question for another day. In many instances, however, it may be helpful to listen to the other party's position on a matter prior to any filing.

12(f) as "immaterial, impertinent, scandalous, and unsupported by any legitimate facts" but fails to analyze or discuss this standard. Regardless, the Court finds the information is relevant and Plaintiff admits the facts set forth in the email are true – as of December 2019, Plaintiff's counsel did (and perhaps still does) have some records belonging to Defendant. Whether those records are "privileged and confidential," as Defendant contends, and how they impact the requested disqualification of Plaintiff's counsel, however, the Court leaves for resolution in its order addressing the motion to disqualify.

*Professionalism.* On a final matter, there are accusations of personal attacks and emotionally charged language in the filings. The Court expects all parties to act with professionalism and reminds them that irrelevant and impertinent statements and attacks will not be countenanced. Where appropriate, they may be summarily stricken *sua sponte* by the Court.

Based on the foregoing, it is **ORDERED** that the Motion to Strike (ECF No. 126) is DENIED.

DATED this 3rd day of February, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge