IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:18-cv-01665-RM-NYW

KENNETH OLSEN,

    Plaintiff,

v.

OWNERS INSURANCE COMPANY, an Ohio corporation,

    Defendant.

_____

# ORDER
_____

    This matter is before the Court on Defendant Owners Insurance Company's Motion to Stay (ECF No. 141). For the reasons given below, the motion is granted.

    The parties are well-versed in the factual background of this case given this Court's recitation of the facts in the Order denying Owners' disqualification motion (ECF No. 133). In that Order, this Court lifted the discovery stay granted by Magistrate Judge Wang, which specifically stayed the "[o]utstanding depositions of the Plaintiff, experts, and Rule 30(b)(6) deponents. . ." (ECF No. 98, at ¶ 2.) Owners moved for a temporary stay of execution of the Order pending the outcome of a fully-briefed motion to stay. (ECF No. 135.) The Court granted the temporary stay. (ECF No. 136.)

    On April 6, 2020, Owners filed its Motion to Stay ("Motion"). (ECF No. 141.) Plaintiff responds, stating he disagrees with Owners' estimation of its success on the merits, but he did not object to the stay. (ECF No. 143, at 1.) Plaintiff's Response clarified that the stay imposed by Magistrate Judge Wang was limited to specific depositions; all other discovery had been closed

with the exception of outstanding Motions to Compel. *See* ECF No. 98, at ¶ 3 ("Discovery REMAINS OPEN for the sole purpose of adjudicating the currently pending Motions to Compel [#70; #71]"); *Id.* ¶ 4 ("All other discovery REMAINS CLOSED").

Owners replies that Plaintiff's position is correct, specifically, that the Motion "has nothing to do with the Court's stay of its order granting Plaintiff's motion to compel." (ECF No. 144, at 2 n.1.) In other words, the only issue before the Court is whether it should maintain the stay on "outstanding depositions of the Plaintiff, experts, and Rule 30(b)(6) deponents." (ECF No. 98, at ¶ 2.) Both parties agree a limited stay is warranted. The Court also agrees.

Although the Federal Rules of Civil Procedure do not expressly provide for a stay of discovery in these circumstances, "the power to stay is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. *Sanchez v. City and Cty. Of Denver, Colo.*, No. 19-cv-02437-DDD-NYW, 2020 WL 924607, at *3 (D. Colo. Feb. 26, 2020) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)) (internal quotation marks omitted). In determining whether a stay is appropriate, the court weighs interests, such as: (1) whether defendants are likely to prevail in the civil action; (2) whether defendants will suffer irreparable harm; (3) whether the stay will cause substantial harm to other parties to the proceeding; and (4) the public interests at stake. *Id.* (citing *United Steelworkers of Am. v. Oregon Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003)); *see also String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LYB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (courts may also consider plaintiff's interests in expeditious proceeding, potential prejudice to plaintiff, burden on defendants, and convenience of the court).

3

Under these circumstances, the Court finds a stay of the outstanding depositions is warranted. Accordingly, the Court GRANTS Defendant Owners' Insurance Company's Motion to Stay. (ECF No. 141.) The depositions of Plaintiff, experts, and Owners' Rule 30(b)(6) deponents are stayed pending the resolution of Owners' Petition for Writ of Mandamus.

DATED this 22nd day of April, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge