IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:18-cv-1665-RM-NYW

KENNETH OLSEN,

    Plaintiff,

v.

OWNERS INSURANCE COMPANY,

    Defendant.

## ORDER

This matter is before the Court on Defendant Owner Insurance Company's ("Defendant") objection (ECF No. 106) to the magistrate judge's order (ECF No. 100) compelling it to produce communications that it contends were properly withheld pursuant to the attorney-client privilege. For the reasons below, the objection is overruled.

**I.     LEGAL STANDARDS**

This Court can modify or set aside a magistrate judge's order on a nondispositive matter only if it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Hutchinson v. Pfeil*, 105 F.2d 562, 566 (10th Cir. 1997).  The Court must have "a definite and firm conviction that a mistake has been committed."  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quotation omitted).

Because the Court has diversity jurisdiction over this matter, Colorado law governs assertions of the attorney-client privilege.  *Frontier Ref., Inc. v. Gorman-Rupp Co.*, 136 F.3d 695, 699 (10th Cir. 1998) (explaining that "state law supplies the rule of decision on privilege in

diversity cases"). This privilege operates to protect "confidential matters communicated by or to the client in the course of obtaining counsel, advice, or direction with respect to the client's rights or obligations." *People v. Madera*, 112 P.3d 688, 690 (Colo. 2005). The Attorney-client privilege is not absolute and it "must be claimed with respect to each specific communication." *Wesp v. Everson*, 33 P.3d 191, 197 (Colo. 2001). The party seeking to assert the privilege bears the burden of establishing that it applies. *Id.* at 198.

## II.    BACKGROUND

This case stems from an insurance dispute. After Plaintiff was denied certain benefits to cover costs incurred in an automobile accident, Plaintiff initiated this suit asserting claims against Defendant for (1) breach of contract, (2) unreasonable delay or denial of insurance benefits, and (3) bad faith breach of an insurance contract.

This discovery dispute concerns email communications between Defendant's claims adjuster and its in-house counsel regarding the handling of Plaintiff's claim. On April 10, 2019, the magistrate judge held a discovery conference to address various issues pertaining to Plaintiff and Defendant complying with written discovery. Following that conference, Plaintiff filed a motion to compel production of a series of correspondence between Defendants' claims adjuster and its in-house counsel which it had withheld as privileged. The magistrate judge reviewed in camera the documents at issue and determined that the attorney-client privilege did not apply, except with respect to two entries in the claims notes which Defendant was allowed to redact prior to production.[1]

In granting Plaintiff's motion, the magistrate judge found that the withheld documents did not contain legal advice or Defendant's strategy for defending against the suit; rather, she

---

[1] The Court does not reproduce the emails here because they are in the record. (ECF No. 91-1.)

explained, that when an attorney is acting in another capacity, such as functioning as a claims adjuster, the privilege does not attach.[2] The magistrate judge's twenty-four-page order examines each set of emails Defendant claimed as privileged before concluding that the attorney-client privilege did not protect the communications therein.

Defendant's objection followed. Defendant argues that the withheld emails are privileged because (1) in the insurance claims context, an attorney's communication with his client need not explicitly exchange legal advice to be protected, and (2) the communications contain legal advice regarding the attorney's factual investigation. (ECF No. 106 at 2.)

**III. DISCUSSION**

The Court has reviewed the disputed documents and discerns no clear error with respect to the magistrate judge's conclusion that Defendant has failed to meet its burden that the attorney-client privilege applies. The disputed emails do not directly request or offer legal advice. Nor are they necessary to obtain such advice. Rather, the disputed emails primarily are either administrative in nature or seek clarification of certain underlying information. It is well-settled that "'the attorney-client privilege does not protect the results of a factual investigation [conducted by counsel] relating to the issuance of a policy.'" *Hurtado v. Passmore & Sons, L.L.C.*, No. 10-CV-00625-MSK-KLM, 2011 WL 2533698, at *4 (D. Colo. June 27, 2011) (quoting *Nat'l Farmers Union Prop. & Cas. Co. v. Dist. Court For City & Cty. of Denver*, 718 P.2d 1044, 1049 (Colo. 1986)).

While this lawsuit is referenced in the emails and legal considerations are one component of that discussion, the disputed emails, on their face, largely relate to other issues. As the

---

[2] The magistrate judge also considered whether the emails were privileged under the work-product doctrine and found that it did not protect the withheld documents. (ECF No. 100 at 15-16.) Since Defendant does not object to that finding, the Court will not review the magistrate judge's application of the work-product doctrine.

magistrate judge found, the emails contain insurance claims investigation information and Defendant does not articulate in its objection which communications render legal advice.  Merely because a communication involves an attorney does not necessarily implicate the privilege.  *See Nat'l Farmers Union Prop. & Cas. Co.*, 718 P.2d at 1049.  The Court is unpersuaded by Defendant's blanket assertion that the communications are consistent with a claim representative seeking legal guidance.  Consequently, Defendants have failed to show that the attorney-client privilege applies to the emails at issue and that the magistrate judge's ruling was clearly erroneous or contrary to law.

### IV. CONCLUSION

Accordingly, the Court **OVERRULES** Defendant's objection (ECF No. 106).

DATED this 23rd day of April, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge