# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 1:18-cv-01665-RM-NYW

KENNETH OLSEN,

    Plaintiff,

v.

OWNERS INSURANCE COMPANY,

    Defendant.

---

# ORDER

---

This matter is before the Court on Defendant's objection to the magistrate judge's oral ruling limiting the deposition of Jeremy Sitcoff (ECF No. 182). For the reasons below, the objection is overruled.

## I.     LEGAL STANDARDS

This Court can modify or set aside a magistrate judge's order on a nondispositive matter only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Hutchinson v. Pfeil*, 105 F.2d 562, 566 (10th Cir. 1997). The Court must have "a definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quotation omitted).

Pursuant to Fed. R. Civ. P. 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." In making this determination, courts consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information,

the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

The trial court "has broad discretion over the control of discovery." *S.E.C. v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotation and citation omitted); *see also Burks v. Oklahoma Pub. Co.*, 81 F.3d 975, 981 (10th Cir. 1996) (explaining that the "desire to allow broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant") (quotation and citation omitted).

## II.   BACKGROUND

This objection stems from the deposition of Plaintiff's insurance industry standard-of-care expert, Mr. Sitcoff, during which he refused to answer questions regarding his possible financial bias against Defendant and its parent company based on his involvement in two prior cases against them in his capacity as a plaintiff's attorney. Displeased by Mr. Sitcoff's snub, Defendant raised its concerns with the magistrate judge.

On April 14, 2021, the parties appeared before the magistrate judge for a telephonic discovery dispute conference to address whether and to what extent Mr. Sitcoff should be compelled to answer questions regarding contingency fees he stood to earn should he have prevailed in those prior cases involving Defendant. After some discussion, the magistrate judge found that Mr. Sitcoff should be subject to discovery with respect to whether he had a financial interest in the outcome of the prior litigation in which he was opposing Defendant as that information is relevant. The magistrate judge, however, limited disclosure concerning how much Mr. Sitcoff stood to gain in the prior litigation as that information is disproportionate to the needs of this case. The magistrate judge drew a distinction between Mr. Sitcoff's role in this

matter as an expert and his role as an attorney in the prior unrelated proceedings.

Defendant's objection followed. Defendant argues that the magistrate judge committed clear error by ruling that the magnitude of the fees is irrelevant in establishing Mr. Sitcoff's bias. (ECF No. 182 at 5-8.) Additionally, Defendant argues that the magistrate judge applied the wrong legal standard in not compelling Mr. Sitcoff to disclose the magnitude of his alleged lost financial interest. (*Id.* at 9-11.)

## III. DISCUSSION

The Court has reviewed the discovery dispute conference transcript and discerns no clear error with respect to the magistrate judge's conclusion that it is neither relevant nor proportional to compel Mr. Sitcoff to explain "how much he stood to gain or lose in an unrelated litigation simply because there is an overlapping party." (ECF No. 184 at 20.) The Court's review is limited to the clearly erroneous standard and the magistrate judge did not "exceed[] the bounds of permissible choice in the circumstances." *Allen v. Sybase, Inc.*, 486 F.3d 642, 658 (10th Cir. 2006). Here, the magistrate judge exercised her discretion and concluded that a portion of the information sought was relevant and proportional to Defendant's case but limited the scope of that disclosure. The Court finds no clear error in her doing so.

To the extent that Defendant argues the magistrate judge applied the wrong legal standard, the Court finds she evaluated the discovery request to determine whether the information sought was relevant and proportional to the needs of the case as prescribed under Fed. R. Civ. P. 26(b)(1). Defendant claims that the magistrate judge failed to consider all relevant factors set forth in the Rules in reaching her conclusion. However, as the conference transcript indicates, the magistrate judge considered the benefit to Defendant in obtaining the information, the importance of that information, and its relevancy to the instant matter in

3

determining that establishing Mr. Sitcoff's potential bias was pertinent. Indeed, the magistrate judge also considered those same factors in limiting the extent of disclosure necessary to establish any potential bias.[1] Therefore, the magistrate judge's finding was not contrary to law.

## IV. CONCLUSION

Based on the forgoing, the Court **OVERRULES** Defendant's objection (ECF No. 182).

DATED this 7th day of May, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[1] Defendant argues that the magistrate judge failed to consider the time, money, and effort required of Mr. Sitcoff were he to make the requested magnitude disclosure. Even if that consideration weighs in favor of disclosure and was not explicitly discussed in reaching a conclusion, it is only one measure of proportionality and alone is insufficient to show the magistrate judge applied an incorrect legal standard.