## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Raymond P. Moore

Civil Action No. 1:18-cv-01665-RM-NYW

KENNETH OLSEN,

    Plaintiff,

v.

OWNERS INSURANCE COMPANY,

    Defendant.

---

## ORDER

---

This matter is before the Court on Defendant Owners Insurance Company's ("Owners") Motion to Vacate (ECF No. 171) the Court's Order denying Owners' Motion to Disqualify Levy Law, P.C. and Marc R. Levy, Esq. (ECF No. 133). Plaintiff Kenneth Olsen ("Olsen") has filed a response to the Motion to Vacate (ECF No. 172) and Owners has filed a reply (ECF No. 175). For the reasons below, the Motion to Vacate is denied.

**I.     BACKGROUND**

The parties are well versed in the facts, allegations, and history of this case; therefore, it will not be repeated here. As relevant to the Motion to Vacate, Owners filed its first motion to disqualify Mr. Levy in May 2019. (ECF No. 82.) The Court denied Owners' motion (ECF No. 133), applying Rule 1.9 of the Colorado Rules of Professional Conduct, and relying on *Persichette v. Owners Insurance Company*, Case No. 2018CV31118 (Weld Cty. Dist. Ct. Aug. 14, 2019), which denied a motion to disqualify involving Mr. Levy and Owners. Owners then filed a petition for writ of mandamus in the Tenth Circuit seeking review of this Court's Order.

During the pendency of the petition, the Colorado Supreme Court reversed the state court's decision in *Persichette*, explaining that disqualification was warranted in that case because based on Mr. Levy's prior representation of the defendant, his current representation was "likely to obtain an advantage for him and a disadvantage for Owners." *Persichette v. Owners Ins. Co. (Persichette II)*, 2020 CO 33, ¶ 47.

The Tenth Circuit denied Owner's petition. *In re Owners Ins. Co.*, No. 20-1136 (10th Cir. July 10, 2020) (writ of mandamus denied). In doing so, the court explained that because "of the high bar for obtaining relief in mandamus, we do not believe that [*Persichette II*] *requires* us to issue a writ in this case." *Id.* at 29.

Owners then filed a second motion to disqualify based on *Persichette II* (ECF No. 153) and a motion to stay discovery (ECF No. 154) until the Court ruled on its second motion. While the second motion was pending, Mr. Levy moved to withdraw as counsel in this case. (ECF No. 156.) The Court granted the motion and terminated Mr. Levy as counsel. (ECF No. 159.) The Court then denied the second motion to disqualify as moot. (ECF No. 161.)

Owners now moves to vacate the Court's Order denying the first motion to disqualify. (ECF No. 171.)

II.  **LEGAL STANDARD**

Whether the Court should vacate an opinion "on the basis of mootness is an equitable question." *Rio Grande Silvery Minnow v. Keys*, 355 F.3d 1215, 1220 (10th Cir. 2004) (citation omitted). Vacatur is only appropriate "when a case becomes moot because of happenstance or the prevailing party's unilateral action." *Front Range Equine Rescue v. Vilsack*, 782 F.3d 565, 571 (10th Cir. 2015). In those circumstances, equitable principles favor vacatur so that "a party should not have to bear the consequences of an adverse ruling when frustrated by the vagaries of

the circumstances." *Id.* (quotation and citation omitted).

## III.     DISCUSSION

Owners argues that it cannot seek appellate review of the Court's Order denying the first motion to disqualify because the second motion to disqualify was denied as moot. (ECF No. 171 at 1.) Owners further argues that vacatur is warranted because Olsen caused the second motion to become moot. (*Id.*) Olsen disagrees, arguing that the Order denying Owners' first motion to disqualify was correctly decided and that Owners contributed to Mr. Levy's voluntary cessation. (ECF No. 172 at 2.)

In support of its position, Owners claims that *Faconnable USA Corp. v. John Does 1-10*, 799 F. Supp. 2d 1202 (D. Colo. 2011), requires the Court to vacate its Order denying the first motion to disqualify. There, the court granted a motion to vacate the magistrate judge's order to which objections were pending compelling production of information because the objections had been mooted after the respondent voluntarily dismissed the case. *Faconnable*, 799 F. Supp. 2d at 1203-04. The equitable concerns in *Faconnable* were that the movant would be forced to acquiesce to the magistrate judge's order thereby compelling it to produce information putting the movant at a competitive disadvantage and endangering the rights of its users if the objections to the motion to compel information evaded review. *Id.* at 1204.

Those equitable concerns are not present here. Nor has this case been dismissed. The relief which Owners sought through its motions to disqualify has been found by the voluntary withdrawal of Mr. Levy. Put differently, Owners does not bear any consequences of an adverse ruling. Therefore, Owners has not been prejudiced by the favorable result. Owners' argument that someday Mr. Levy may sue his former client in federal court and rely on the Court's Order denying the first motion to disqualify to circumvent future disqualification motions is

unpersuasive.

Ultimately, Owners "has failed to prove the existence of exceptional equitable circumstances supporting the remedy of vacatur." *Amoco Oil Co. v. U.S. E.P.A.*, 231 F.3d 694, 700 (10th Cir. 2000) (affirming district court's denial of motion to vacate).

## IV.   CONCLUSION

Based on the forgoing, it is **ORDERED** that Owners' Motion to Vacate (ECF No. 171) is DENIED.

DATED this 3rd day of August, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge