**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 18-cv-01665-RM-NYW

KENNETH OLSEN,

      Plaintiff,

v.

OWNERS INSURANCE COMPANY, an Ohio corporation

      Defendant.

_____

## ORDER

_____

      This is an uninsured/underinsured motorist ("UM/UIM") insurance dispute arising from a car accident between Plaintiff Kenneth Olsen ("Olsen" or "Plaintiff") and a third-party, at-fault driver.  At issue now are the Parties' Motions in Limine.  (ECF Nos. 228, 234.)  Upon review of the Motions, relevant parts of the court record, and the applicable statutes and case law, and being otherwise fully advised, the Court finds and orders as follows.

## I.      BACKGROUND

      Olsen was injured in a car accident on April 23, 2017, when he was driving his employer's van and was struck by another vehicle.  It is undisputed that the accident was caused by the other driver.  Following the accident, Olsen suffered from a number of different injuries.  At the time of the accident, Olsen's employer maintained an insurance policy, including UM/UIM coverage, with Owners.  Olsen made a claim under that policy for medical expenses as well as lost wages and non-economic damages.  To date, Owners has not paid any benefits to Olsen.

On May 30, 2018, Olsen filed suit against Owners in Colorado State Court.  (ECF No. 3.) Olsen made three claims for relief: (1) breach of contract; (2) statutory unreasonable denial and delay of benefits under section 10-3-1116, C.R.S.; and (3) common law bad faith.  Owners then removed the case to this Court.

## II.    LEGAL STANDARD

Motions in limine can be useful in that they permit the Court to issue rulings in advance of trial regarding the admissibility of certain pieces of evidence, thereby preventing the uncertainty and delay caused by litigating such questions during trial.  *Koch v. Koch Industries, Inc.*, 2 F.Supp.2d 1385, 1387-88 (D. Kan. 1998).  Such rulings, however, are often better left until trial when the Court can assess the question in light of the evidence presented at trial.  *Id.* at 1388.  Deferring such a ruling may be the better practice, particularly in those cases in which "a ruling in limine would have little impact on the parties' evidentiary burdens or preparations for trial."  *Id.*

The moving party bears the burden of demonstrating in their motion in limine that the evidence at issue "is inadmissible on any relevant ground."  *Pinon Sun Condo. Assn. Inc. v. Atain Specialty Ins. Co.*, 2020 WL 1452166 at *3 (D. Colo. March 25, 2020) (quoting *First Sav. Bank, F.S.B. v. U.S. Bancorp*, 117 F.Supp.2d 1078, 1082 (D. Kan. 2000)).  The Court can deny a motion if the movant fails to set out, with the necessary specificity, the evidence it wishes to have precluded.  *Id.*  Denial of a motion in limine, however, does not mean that all the evidence contemplated in the motion will automatically be admitted at trial—"the court may alter its limine ruling based on developments at trial or on its sound judicial discretion" if one of the parties raises the question at that time.  *Id.* (quoting *First Sav. Bank, F.S.B.*, 117 F.Supp.2d at 1082).

III.    ANALYSIS

### A. Defendant's Motion in Limine to Preclude Evidence or Argument About Owners' Wealth or Resources or its Legal Counsel

In its first Motion in Limine, Owners asks the Court to preclude Olsen from introducing any evidence of, or argument about, its financial resources and ability to pay as well as any information about its counsel's resources.  The Court agrees that any evidence or argument regarding Owners' resources, or those of its attorneys, are both irrelevant and improper. "Statements concerning the financial status of a party . . . are improper because they have little or no probative value, are inflammatory, and may appeal to the sympathy of the jury." *Garcia v. Mekonnen*, 156 P.3d 1171, 1177 (Colo. App. 2006).  Comments about a party's law firm, its size, or its resources are also improper and potentially prejudicial, as well as irrelevant.  *See Sanders v. Johnson*, 859 S.W.2d 329, 332 (Tenn. Ct. App. 1993) (concluding that the trial court properly precluded counsel from referring to the nature or size of the defendant's law firm, as such comments were inappropriate, unwarranted, and potentially prejudicial).  The Court, therefore, GRANTS Owners' first Motion in Limine.

### B. Defendant's Motion in Limine to Prohibit Plaintiff from Making "Golden Rule" Arguments

Owners next asks the Court to prohibit Olsen from urging the jury to place themselves in the position of the plaintiff or his family.  Such an argument is commonly referred to as a "Golden Rule" appeal and such an argument "'is universally recognized as improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence.'"  *Blevins v. Cessna Aircraft Co.*, 728 F.2d 1576, 1580 (10th Cir. 1984) (quoting *Ivy v. Security Barge Lines, Inc.*, 585 F.2d 732, 741 (5th Cir. 1978)).  Therefore, the Court GRANTS Owners' second Motion in Limine and concludes that

the parties are precluded from asking the jurors to put themselves in the positions of the parties.

**C. Defendant's Motion in Limine to Preclude Evidence of Plaintiff's Workers' Compensation Impairment Rating**

Owners' next Motion in Limine asks the Court to preclude Olsen from introducing any evidence of the impairment ratings he received in the course of obtaining Workers' Compensation benefits for his injuries.

Tort law and Workers' Compensation benefits have different aims, and that distinction informs the Court's reasoning here. While tort law is designed to require one who unlawfully injures another to make that person whole, *Preston v. Dupont*, 35 P.3d 433, 441 (Colo. 2001), Workers' Compensation is designed to "assure the quick and efficient delivery of disability and medical benefits to injured workers at a reasonable cost to employers, without the necessity of any litigation," § 8-40-102(1), C.R.S. (2021). Thus, Workers' Compensation is intended not just to compensate an employee for an on-the-job injury, but to do so in a manner that minimizes costs. *Norwood v. Allied Group, Inc.*, 942 F.Supp. 477, 480 (D. Colo. 1996). Individuals receiving Workers' Compensation benefits, therefore, are compensated based on a fee schedule which was designed as a "cost containment measure." *Id.*

The evaluation of a medical impairment pursuant to the Worker's Compensation system is also a complicated and technical process, using "medical impairment rating guidelines for impairment ratings as a percentage of the whole person or affected body part based on the revised third edition of the 'American Medical Association Guides to the Evaluation of Permanent Impairment.'" § 8-42-101(3.5)(a)(II), C.R.S. (2021). The medical impairment rating is then used as part of a formula to determine the amount of medical impairment benefits to which the claimant is entitled. § 8-42-107(d), C.R.S. (2021).

Given the unique context in which an impairment rating is developed, the Court is

dubious of its relevance in this case.  In any event, pursuant to Fed. R. Evid. 403, the Court

should exclude even relevant evidence if "its probative value is substantially outweighed by a

danger of one or more of the following: unfair prejudice, confusing the issues, misleading the

jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  The

introduction of evidence regarding Olsen's medical impairment rating as determined as part of

his Workers' Compensation claim would risk confusing the issues, misleading the jury, undue

delay and a waste of time.  In order for the impairment rating to be even arguably relevant to the

question before the jury—the extent to which Olsen should be compensated by Owners for an

injury he suffered as a result of a tort—the jury would need to be informed about the underlying

process for assigning impairment ratings.  Without that context, an impairment rate of 31% or

14%, both of which have been cited in this case, would be entirely meaningless.  Introducing

such evidence would require the parties to stray far from the questions actually before the jury.

For all of these reasons, Owners' third Motion in Limine is GRANTED.

### D.  Defendant's Motion in Limine to Preclude Plaintiff from Requesting a Specific Amount of Non-Economic and Impairment Damages

Owners next asks this Court to preclude Olsen from asking the jury to award him a

specific amount of damages for his non-economic injuries and his impairment.  Owners' Motion

suggests that Olsen does not oppose such an order and Olsen's counsel did not contradict this

representation during the trial preparation conference held on May 27, 2022.  (ECF Nos. 228,

240.)

As Owners also notes, the parties previously litigated the question of whether Olsen

should be compelled to disclose the amount he sought in non-economic damages.  (ECF Nos. 71,

79, 84, 100.)  During the course of those proceedings, Olsen strenuously argued that he should

not be so compelled and that he could not precisely calculate the amount of such damages at that

time and that, in any event, such damages were not amenable to precise calculation.  (ECF No. 79.)  He also informed the Magistrate Judge that he did not intend to call an expert witness to testify to such amounts at trial.  (ECF No. 100.)  Magistrate Judge Wang denied Owners' Motion to Compel and specifically noted that Olsen appeared "to be forfeiting his opportunity to request a specific amount of non-economic and impairment damages from the jury."  (ECF. No. 100, p. 21.)  She further concluded that, "[t]o the extent that [Olsen] intends to seek a specific amount then he <u>shall</u> disclose this figure to Owners or risk preclusion from doing so at trial under Rule 37(c)(1) of the Federal Rules of Civil Procedure."  (ECF No. 100, p. 21, emphasis original.)  It does not appear that Olsen ever made such a disclosure to Owners.

Based on the record before it, the Court GRANTS Owners' Motion in Limine and concludes that Olsen will not be permitted to request that the jury award him a specific amount of non-economic and impairment damages.

### E.  Plaintiff's Motion to Preclude Reference to the Consequence of Finding that Defendant Unreasonably Delayed or Denied Payment of Insurance Benefits

Olsen's first Motion in Limine asks the Court to preclude Owners from informing the jury about the statutory penalty of treble damages that will be applied, and the costs and attorney fees that will be awarded, if the jury finds that Owners unreasonably delayed or denied payment of a benefit.  (ECF No. 234.)

The Court agrees with Olsen that the jury should not be informed about the statutory penalties.  The trebling of damages is a task for the court in the event that the jury finds that there are, in fact, damages to be awarded on a claim.  § 10-3-1116(1); *see also Heritage Vill. Owners Ass'n v. Golden Heritage Inv'rs Ltd.*, 89 P.3d 513, 517-18 (Colo. App. 2004) (noting that the trial court did not err when it refused to inform the jury about the treble damages provision because that amount was not a finding of fact to be made by the jury).  Generally, the Court

considers it the better practice not to inform juries about such statutory damages-multiplying and fee- and cost-shifting provisions and agrees with other courts that have so concluded.

> Generally speaking, the federal courts have recognized a policy against informing juries of statutory fee-and-cost-shifting or damages-multiplying provisions on the ground that juries so informed might decrease the damages award or find no liability based not on the evidence but on whether the defendant deserves to be penalized and the plaintiff so rewarded which would thwart the legislative purpose of the statute.

*Slavin v. Garrison Prop. And Cas. Ins. Co.*, 805 F. App'x 561, 570 (10th Cir. 2020).

The Court therefore GRANTS Olsen's Motion in Limine.

### F.  Plaintiff's Motion in Limine to Exclude Testimony or Argument Disparaging Counsel

Olsen next requests the Court issue an Order precluding improper evidence or argument disparaging Plaintiff's Counsel.  (ECF No. 234.)  Owners responds that it should be allowed to comment on Olsen's counsel because it was that counsel's conduct that delayed the proceedings in this case—specifically, the failure to submit requested wage loss documentation until less than a month prior to filing suit.

The Court agrees that the timing of *Olsen's* record submission is relevant information for the jury to have because Olsen is arguing that Owners improperly delayed the payment of benefits.  The Court also concludes, however, that the identity of Olsen's attorneys has no bearing on that argument, and it would be improper for the defense to seek to disparage the law firm.  For the same reasons that the Court granted Owners' Motion in Limine to preclude Olsen's attorneys from discussing Owners' counsel, it GRANTS Olsen's Motion here.  *See Sanders*, 859 S.W.2d at 332 (concluding that comments about the size or resources of the defendant's law firm were inappropriate, unwarranted, and potentially prejudicial).  Owners can discuss Olsen's financial incentives for filing suit (although the Court has already precluded a discussion of the statutory penalty and fee-shifting provisions) but should not discuss Olsen's counsel in such a

context.  A discussion of Olsen's counsel would risk confusing the issues and causing undue delay and therefore Owners' counsel is precluded from doing so.  If, however, Olsen argues that the length of litigation, itself, is evidence of Owners' bad faith, the Court may reconsider this ruling.  The Court notes that *both* parties have aggressively litigated this case and the resulting delays cannot be reasonably attributable to either party alone.

### G.  Plaintiff's Motion in Limine to Preclude Evidence or Argument Regarding the Participation of the Levy Law Firm in this Case

Olsen next asks the Court to preclude Owners from introducing any evidence of, or arguments about, the involvement of the Levy Law Firm in this case.  (ECF No. 234.)  As with the previous Motions requesting that the Court preclude any discussion of the parties' attorneys, the Court concludes that a discussion of the Levy Law Firm's involvement in this case would be unwarranted and would risk confusing the issues and cause undue delay.  As the Court explained above, however, it may reconsider this decision depending on how the parties choose to proceed at trial.

### H.  Plaintiff's Motion in Limine to Permit Olsen to Testify To His Own Medical Bills

Olsen's final Motion in Limine asks the Court to permit him to testify to his own medical bills and expenses, rather than requiring that such evidence be introduced through the testimony of an expert witness.  (ECF No. 234.)

The Colorado Supreme Court has opined that "[w]hile the correct measure of damages is the necessary and reasonable value of the [medical] services rendered, rather than the amount which may have been paid for such services, nevertheless the amount paid for services is some evidence of their reasonable value." *Kendall v. Hargrave*, 349 P.2d 993, 994 (Colo. 1960) (quoting *Townsend v. Keith*, 168 P. 402, 403 (Cal. Ct. App. 1917)); *see also Wal-Mart Stores, Inc. v. Cossgrove*, 276 P.3d 562, 566-67 (Colo. 2012) (noting that a trial court may properly

"admit evidence of the amount paid for healthcare for the purpose of ascertaining the reasonable value of those medical expenses."). Furthermore, some of this evidence need not be necessarily offered in the form of expert testimony. *Lawson v. Safeway, Inc.*, 878 P.2d 127, 131 (Colo. App. 1994).

However, plaintiffs bear the burden of proving not only the value of the services received, but also that the expenses were necessitated by the accident at issue. *See Neiberger v. Fed Ex Ground Package Sys., Inc.*, 566 F.3d 1184, 1193 (10th Cir. 2009) (noting that the plaintiff never made the necessary evidentiary showing that her injuries were the result of the accident at issue and that those injuries required the claimed expenditures for reasonably necessary medical or rehabilitative treatment). The Colorado Court of Appeals explained that, while testimony regarding the amount of medical bills received may be "sufficient to show a reasonable *value* of the medical services rendered, we conclude that it was insufficient to show a reasonable *need* for those services as required by statute." *Jorgensen v. Heinz*, 847 P.2d 181, 183 (Colo. App. 1992) (emphasis original, citations omitted).

The amount a plaintiff was billed is proper evidence, and as the recipient of those charges in this case Olsen can certainly testify to them. *See Dedmon v. Cont'l Airlines, Inc.*, No. 13-CV-0005-WJM-NYW, 2016 WL 471199, at *6 (D. Colo. Feb. 8, 2016). And those amounts serve as "'some evidence' of reasonable value, even without expert testimony." *Id.* (*quoting Kendall*, 349 P.2d at 994, internal citation omitted). But Olsen does not have the expertise about, and therefore cannot testify to, whether the treatments he received were reasonably necessitated by this car accident. Therefore, Olsen's final Motion in Limine is GRANTED IN PART AND DENIED IN PART.

**IV.      CONCLUSION**

Accordingly, it is **ORDERED**

(1)      That Owners' Motions in Limine (ECF No. 228) are GRANTED; and

(2)      That Olsen's Motions in Limine (ECF No. 234) are GRANTED IN

PART AND DENIED IN PART.

DATED this 1st day of June, 2022.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge